AO 91 (Rev. 11/11) Criminal Complaint

**LODGED**
CLERK, U.S. DISTRICT COURT
**AUG 6, 2024**
CENTRAL DISTRICT OF CALIFORNIA
BY: ___pd___ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

**FILED**
CLERK, U.S. DISTRICT COURT
**AUG 6, 2024**
CENTRAL DISTRICT OF CALIFORNIA
BY: ___KH___ DEPUTY

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARIANO EZEQUIEL ALEMAN-CASTREJON,

Defendant.

Case No.   **8:24-mj-00338 DUTY**

## CRIMINAL COMPLAINT
## BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about **July 25, 2024**, in the County of Orange, within the Central District of California, the above-named defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Firearm |

This criminal complaint is based on these facts:

☒ *See* the attached affidavit.

/s/

_____
*Complainant's Signature*

Travis Kowalec, ATF Task Force Officer
_____
*Printed Name and Title*

Attested to by the applicant via telephone in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date:   August 6, 2024 _____

/s/ Autumn D. Spaeth _____
*Judge's Signature*

City & State:   Santa Ana, California _____

Autumn D. Spaeth, U.S. Magistrate Judge
_____
*Printed Name and Title*

AUSA: Robert J. Keenan // (714) 338-3597

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Travis Kowalec, being duly sworn, declare and state as follows:

### AFFIANT'S TRAINING AND EXPERIENCE

1.   I am a Detective with the Fullerton Police Department ("FPD") and also a federally deputized Task Force Officer ("TFO") presently working with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  As a TFO with the ATF, I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 3051, and I am empowered by law to conduct investigations and make arrests for offenses against the United States.

2.   I am assigned to the ATF Orange County Violent Crime Task Force ("OCVCTF").  The OCVCTF is comprised of federal and local law enforcement agencies, including, but not limited to, the ATF, Fullerton Police Department, Brea Police Department, Santa Ana Police Department and the Orange County District Attorney's Office.  The OCVCTF is responsible for, among other things, investigating violations of federal law involving criminal street gangs, possession of firearms by prohibited persons, possession of stolen firearms, possession of machineguns, the illegal distribution of firearms and narcotics, burglaries, and violent crimes to include robberies.  Prior to this assignment with the ATF, I was an officer with the FPD and have been so employed for approximately seven years.

3.   During my tenure as a police officer, as well as an ATF TFO, I have conducted and participated in numerous

investigations of criminal activity, including, but not limited to the possession of firearms by prohibited persons, possession of stolen firearms, robberies, and homicides.  Since joining the OCVCTF in September of 2023, I have specialized in investigations of robberies, firearms violations, drug trafficking, and gang activity.  I have participated in the execution of numerous search and arrest warrants related to these investigations.

## PURPOSE OF AFFIDAVIT

4.    This affidavit is made in support of a criminal complaint and arrest warrant charging MARIANO EZEQUIEL ALEMAN-CASTREJON ("ALEMAN-CASTREJON") with a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of Firearm.

5.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## STATEMENT OF PROBABLE CAUSE

6.    By reviewing Body Worn Camera Footage and a police report written by Fullerton Police Department ("FPD") Officer

Espanto, regarding a case that occurred on July 25, 2024, I have learned the following facts:

**A.    July 25, 2024: Defendant was Found in Possession of a Pistol, Loaded with 12 Rounds of Ammunition**

7.    On July 25, 2024, at approximately 8:09 p.m., FPD Officer Espanto was working uniformed patrol in a marked black and white FPD vehicle.  Officer Espanto observed a red Chrysler 300 sedan bearing California license plate 8WYZ120 exiting the westbound 91 Freeway at Magnolia Avenue in the City of Fullerton.  Officer Espanto observed that the vehicle did not have a current registration tag.

8.    Officer Espanto conducted a records check on the Chrysler 300, which was registered to Lizette Perez, and learned that the registration for the vehicle was expired as of February 8, 2023, which was in violation of California Vehicle Code § 4000(a)(1).

**1.    Traffic Stop**

9.    Officer Espanto conducted a traffic enforcement stop on the Chrysler 300 for the aforementioned Vehicle Code violation.  The Chrysler 300 yielded in a parking lot located at 1141 N. Magnolia Avenue in Anaheim, California.  Officer Espanto identified the driver of the vehicle as Angel Hernandez, and Mariano ALEMAN-CASTREJON was seated in the rear passenger seat behind the driver's seat.  Another adult male was seated in the front right-side passenger seat.  In the back with ALEMAN-CASTREJON, there were two young children and an adult female.

10. Officer Espanto immediately recognized Hernandez and ALEMAN-CASTREJON from prior contacts. Officer Espanto also knew both Hernandez and ALEMAN-CASTREJON to be documented gang members of the criminal street gang Fullerton Tokers Town "FTT." Officer Espanto also knew that ALEMAN-CASTREJON was on active Orange County probation under Orange County court case 23NF2571. ALEMAN-CASTREJON was on probation until April 3, 2025, and his term of probation includes the following condition: "Submit your person and property including any residence, premises, container, or vehicle under your control, not including electronic devices, to search and seizure at any time of the day or night only by a probation officer or other peace officer with or without a warrant, probable cause or reasonable suspicion."

### 2. **Search of Defendant**

11. FPD Officer Futch arrived on scene to assist Officer Espanto. Officer Espanto removed the driver (Hernandez) from the vehicle and asked for consent to search his vehicle, to which Hernandez replied, "Go ahead."

12. When Officer Futch removed ALEMAN-CASTREJON from the vehicle, he conducted a search of his person pursuant to his probation terms. Officer Futch located a piece of tin foil with dark serpentine burn marks in ALEMAN-CASTREJON's right pants coin pocket. Based on Officer Espanto's training and experience, he knew that illegal narcotics users will smoke the illegal substances off of foil in order to vaporize the drug before they inhale it to get high. The tin foil with burn marks was in violation of Health and Safety Code § 11364(a).

13.  Officer Futch also located a serrated saw blade in ALEMAN-CASTREJON's front-left pants pocket.  The saw blade was approximately 4-inches long, serrated with sharp edges along one side, and coming to a fixed singular point.  The saw blade was completely concealed inside ALEMAN-CASTREJON's pants and was readily accessible by him.  ALEMAN-CASTREJON could simply reach into his front-left pants pocket, withdraw the blade, and then use it as a lethal cutting and/or stabbing instrument to inflict serious bodily injury or death to another person.  As a result, based on Officer Espanto's observations, training, and experience, he deemed the saw blade to be consistent with a dirk/dagger, the concealed-carrying of which is a violation of California Penal Code § 21310.

### 3.   Search of Vehicle & Discovery of Loaded Pistol

14.   Officer Espanto then searched the Chrysler 300 based on Hernandez's consent to search of the vehicle, ALEMAN-CASTREJON's probation search-condition, and the recovery of the narcotics paraphernalia from ALEMAN-CASTREJON's person.

15.  During his search of the vehicle, Officer Espanto located a red backpack on the rear passenger's side floorboard, which was within arms' reach of ALEMAN-CASTREJON.  Officer Espanto opened the backpack and found a Shadow Systems, Model CR920, 9mm semi-automatic pistol, bearing serial number S017125.  The pistol had a magazine inserted inside of it which was loaded with twelve rounds of Winchester 9mm hollow-point ammunition.  Inside the red backpack, Officer Espanto also located ALEMAN-CASTREJON's wallet, which contained his California

Identification card and other cards with his name on them. Officer Espanto also located a silicone container inside of the backpack which contained a white powdery substance.  Based on Officer Espanto's training and experience, the white powdery substance appeared to be fentanyl, the possession of which was in violation of Health and Safety Code § 11350(a).

16.  While the search was ongoing, Officer Espanto asked ALEMAN-CASTREJON if the red backpack belonged to him, to which ALEMAN-CASTREJON responded, "Yeah."  When asked if the gun was his, ALEMAN-CASTREJON said, "It's not mine, but yeah."  When the officer asked for clarification ("Whose gun is it?"), ALEMAN-CASTREJON replied, "Mine."  When asked who the gun belonged to, ALEMAN-CASTREJON said, "It's mine."  ALEMAN-CASTREJON told Officer Espanto that he had found the gun when he was "on a sick one."  ALEMAN-CASTREJON explained that he was going through some transient tunnels in Garden Grove when he found the backpack containing the firearm.

**B.    Post-Arrest Interview of Defendant**

17.  ALEMAN-CASTREJON was placed under arrest for various weapons and narcotics violations.  After his arrest, ALEMAN-CASTREJON was transported to the FPD stationhouse.

18.  Officer Espanto read to ALEMAN-CASTREJON his Miranda Rights Verbatim from an FPD department-issued card.  ALEMAN-CASTREJON answered "Yes" to all four questions pertaining to him understanding his rights.

19.  Under Miranda, ALEMAN-CASTREJON said, in substance, that the gun belonged to him.  ALEMAN-CASTREJON stated he was in

the City of Garden Grove when he found the backpack and decided to take it.  ALEMAN-CASTREJON stated he took the backpack with the firearm in it approximately three days prior.  ALEMAN-CASTREJON denied knowing there was ammunition inside of the firearm.  Officer Espanto asked ALEMAN-CASTREJON about his prior felony convictions, and ALEMAN-CASTREJON admitted he was aware he had been convicted of felonies in the past.  The Miranda interview was recorded using Officer Espanto's Body Worn Camera.

**C.    Defendant's Prior Felony Convictions**

20.  Based on my review of ALEMAN-CASTREJON criminal history, I learned that ALEMAN-CASTREJON has the following prior felony convictions:

a.    Vandalism with $400 or More in Damage, in violation of California Penal Code § 594(a)(b)(1), in the California Superior Court, County of Orange, Case Number 19NF2040, on or about January 23, 2019, for which he was sentenced to 438 days' jail and 3 years' probation;[1] and

b.    Possession of Controlled Substance for Sale, in violation of California Health & Safety Code § 11378, and Possession/Purchase for Sale of Controlled Substance, in violation of California Health & Safety Code § 11351, in the California Superior Court, County of Orange, Case Number

---

[1]  In addition, he was also convicted in the same case to two misdemeanor crimes: (a) Participation in Activities of Criminal Street Gang: Vandalism, in violation of Cal. Pen. Code §§ 186.22(a); and (b) Possession of Drill with Intent to Commit Acts of Vandalism, in violation of Cal. Pen. Code § 594.2(a), for which he was sentenced to 3 years' probation.

21NF1301, on or about September 3, 2021, for which he was sentenced to 280 days in jail and 2 years' probation.

## D.   Interstate Nexus

21.   On August 1, 2024, I forwarded information regarding the firearm and ammunition recovered from ALEMAN-CASTREJON to ATF Special Agent Monica Lazano, an interstate nexus expert.  SA Lazano determined that the firearm and ammunition recovered from ALEMAN-CASTREJON's possession were manufactured outside of California.  Therefore, because the firearm and ammunition were recovered in the State of California, they must have moved in interstate or foreign commerce.

## CONCLUSION

22.   Based on all of the foregoing facts, I submit that there is probable cause to believe that MARIANO EZEQUIEL ALEMAN-CASTREJON has committed a violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of Firearm).

/s/
_____
TRAVIS KOWALEC
ATF Task Force Officer

Attested to by the applicant
via telephone in accordance
with the requirements of Fed.
R. Crim. P. 4.1 on this day,
August  6 , 2024.


_____/s/ Autumn D. Spaeth_____
     AUTUMN D. SPAETH
UNITED STATES MAGISTRATE JUDGE